UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

CHRISTOPHER and TERESA MASSINGILL,   No. 11-10833

Debtor(s).
_____/

Memorandum on Chapter 13 Confirmation and Motion to Avoid Lien
_____

On December 29, 2009, debtors Christopher and Teresa Massingill filed a Chapter 7 bankruptcy petition. They listed creditor Homer Ventures as being at 1484 Collard Road, Los Gatos, California. This was a mistake, as the creditor's correct street was Pollard Road, not Collard Road. Tha Massingills received their Chapter 7 discharge on April 6, 2010, and their case was closed a few days later.

At the time of the Chapter 7 filing, Teresa Massingill was negotiating with the representative of Homer Ventures for a forbearance agreement. Homer Ventures held junior deeds of trust to the Massingills' residence on Main Street in Lower Lake, California, and their business property on Jessie Street in Lower Lake. Both properties were in foreclosure by Homer Ventures. On December 15, 2009, Teresa emailed the representative seeking forbearance. She told him, "As we explained we are in chapter seven bankruptcy." This was not true, as the filing was still two weeks away.

On January 5, 2010, Teresa again e-mailed the representative, in response to its proposed forbearance agreement draft. She stated in that email that, "We have been advised that since we are in bankruptcy, we should not sign such documents, and then we will be in a position of negotiations to commence upon the filing of the consecutive chapter thirteen, that will lawfully give us the right to work out the payments with you, and stop all foreclosure proceedings, not forcing us to sel [sic]

1

anything, nor sign the deeds in lieu. I would like to propose that we try to resolve this issue without all of that . . . ." A few days after this email, the Massingills and Homer Ventures signed a forbearance agreement.

On March 8, 2011, the Massingills commenced this Chapter 13 case. They proposed a plan paying their unsecured creditors nothing, with payments of $150.00 per month being sufficient only to pay their attorneys' fees. The plan proposed to "strip off" and avoid both of the Homer Ventures deeds of trust. In the meantime, it appears that Homer Ventures assigned its rights to Mary Louie, who opposes the plan and the motions to strip off her liens from the two properties.

Louie's representative and her attorneys have done considerable damage to her case by making misrepresentations to the court. They allege that due to the misspelling of its street address it never had knowledge of the Chapter 7 filing and "[h]ad Homer Ventures known of this Debtors' bankruptcy, it would have foreclosed and not entered into the forbearance agreement." This statement, and the declaration of Rick Louie upon which it is based, are false. The fact that the Massingills were in bankruptcy was a central point in negotiating the forbearance agreement, not a hidden fact.

It is quite frankly difficult for the court to look past the false statements of Louie's counsel and focus on the true issue of the case, which is whether the Massingills have demonstrated good faith as required by § 1325(a)(3) of the Bankruptcy Code. The court concludes, somewhat reluctantly in light of Louie's false argument, that they have not.

The court considers three principal facts as militating against a finding of good faith. First, the Massingills clearly contemplated the filing of this case even before they filed their Chapter 7 case. Second, the plan has no significant purpose other than the avoiding of Louie's deeds of trust, which cannot be accomplished in Chapter 7.[1] Third, the Massingills obtained the forbearance agreement by

---

[1] Only when the court pointed out that the Massingills were not entitled to a discharge did they add some small creditors, hardly an argument for good faith. As an afterthought some eleven months after the filing, the Massingills filed an amended plan seeking to re-write the terms of a senior lien. That does not change the court's determination that the Massingills have not demonstrated good faith as to Louie.

2

pointing out the possibility of a consecutive Chapter 13 and arguing that an acceptable agreement would resolve things "without all of that."

Taking all of the facts into account, the court cannot find that the Massingills have demonstrated good faith. While the filing of a Chapter 13 on the heels of a Chapter 7 is not *per se* bad faith, the second filing may be evidence of bad faith where its purpose is not to cure arrears but rather avoid junior liens without a legitimate Chapter 13 purpose. *In re Tran,* 431 B.R. 230, 235 (Bkrtcy. N.D. Cal. 2010), aff'd 814 F.Supp.2d 946 (2011).[2] Moreover, it was inequitable for the Massingills to negotiate a forbearance agreement with the representation that it would avoid a Chapter 13 filing and then turn around and file one anyway.

For the foregoing reasons, confirmation will be denied and this Chapter 13 case will be dismissed. Counsel for Louie shall submit an appropriate form of order.

Dated: May 28, 2012

_____
Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[2]The belated attempt to modify the terms of another secured debt does not create a legitimate Chapter 13 purpose. It merely adds a second purpose not permissible in Chapter 7. The court does not say it would never confirm such a plan, only that all the facts in this case do not justify a finding of good faith.

3